IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LYDIA WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 21-00253-CV-W-BP |

**ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability and Supplemental Security Income benefits. For the following reasons, the Commissioner's decision is **AFFIRMED**.

**I. BACKGROUND**

Plaintiff was born in August 1967, did not complete high school,[1] and has prior work experience as a file clerk and auto assembler. She filed her application in October 2018, alleging an onset date of April 1, 2018. The first hearing before an ALJ took place in September 2019; thereafter, the Commissioner arranged for a consultative examination to be conducted by Dr. Rebecca Krc. A supplemental hearing was held in July 2020; during the supplemental hearing, the Commissioner elicited expert testimony from a psychologist, Dr. Thomas England.

After considering the medical evidence (including Plaintiff's medical records and Dr. Krc's report), Dr. England's testimony, and the other evidence in the Record, the Administrative Law Judge ("ALJ") found that Plaintiff suffers from several severe impairments, including

---

[1] As the ALJ noted, Plaintiff's testimony about her education has been inconsistent. (R. at 33.) The ALJ resolved the matter by finding that Plaintiff has a "limited education." (*Id*.)

degeneration in her lumbar and cervical spine, osteoarthritis in her hips, arthritis in her sacroiliac joint and shoulder, obesity, major depressive disorder, and borderline personality disorder. (R. at 21.) The ALJ further found that Plaintiff retains the residual functional capacity, ("RFC"), to, among other things, perform light, unskilled, work; perform simple tasks with detailed instructions and with occasional changes in routine; and tolerate occasional interaction with co-workers and supervisors but not with the general public. (R. at 23.) Based on the testimony of a vocational expert, ("the VE"), the ALJ found that Plaintiff could not return to her past work but could perform work as a marking clerk, router, or a collator operator. (R. at 33-34.)

Plaintiff challenges the Commissioner's decision, alleging that (1) the RFC finding was not supported by medical evidence and (2) the ALJ erred in not completely adopting the opinions of Dr. Krc and Dr. England. The Commissioner argues that the ALJ did not err. The Court resolves these arguments below.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record

that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

## A. Medical Support for the RFC Finding

In making her factual findings, the ALJ discussed the large volume of medical records related to Plaintiff's physical and psychological ailments. (R. at 24-29.) The ALJ also discussed the medical opinions offered by Plaintiff's doctors and noted that many of them related to temporary medical conditions or offered non-medical opinions stating whether Plaintiff could work. (R. at 29-30.) The ALJ also did not fully adopt the opinions offered by Dr. Krc and Dr. England, (R. at 30-32), and these opinions will be discussed in the ensuing sections of this Order. However, Plaintiff contends that the ALJ's decision not to fully adopt the opinions of any doctor left the RFC finding without necessary medical support.

The Court disagrees. First, while "a claimant's RFC is a medical question, . . . in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). It is simply not true that the RFC can be proved *only* with medical evidence. *E.g., Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam). Second, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citing *Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) and *Perks v. Astrue*, 687 F.3d 1086, 1092-93 (8th Cir. 2012)); *see also Steed v. Astrue,* 524 F.3d 872, 876 (8th Cir. 2008). The Record provided sufficient evidence (medical and otherwise) to permit the ALJ to formulate Plaintiff's RFC. *See Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016); *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016).

The argument portion of the Plaintiff's Brief does not challenge the ALJ's analysis of the Record, apart from her assessment of Dr. Krc's and Dr. England's opinions. And, consistent with the cases cited above, the Court rejects Plaintiff's argument that the RFC finding must be rejected solely because the ALJ did not fully endorse any doctor's opinion.

### B. Dr. Krc

In her opinion, Dr. Krc limited Plaintiff to light work – which is reflected in the RFC. Dr. Krc also wrote that Plaintiff could never climb stairs, kneel, crouch, or perform similar activities and wrote that Plaintiff "cannot/refused to ambulate w/o walker." (R. at 1801.) Dr. Krc further noted that Plaintiff could never be exposed to heights, extreme cold, heat, dust or vibrations or be required to operate a motor vehicle and needed to be in an environment that was as quiet as a library; these limitations were justified because of "schizophrenia, hallucinations, ambulates only w/ walker." (R. at 1802.) Finally, Dr. Krc noted that Plaintiff could not perform activities like shopping, caring for her personal hygiene, ambulate, prepare simple meals, or feed herself due to "schizophrenia, severe back pain." (R. at 1803.) Plaintiff contends that the ALJ erred in not including these limitations in the RFC.

The Court disagrees. As the ALJ noted, Dr. Krc also wrote that Plaintiff "gave poor effort and cooperation during the evaluation. Specifically, Dr. Krc noted [Plaintiff] refused to do a lot of the testing and did not give good effort." (R. at 31 (citing R. at 1792, 1794).) Therefore, the ALJ was justified in not fully crediting the extreme limitations reflected in Dr. Krc's report in light of other medical evidence in the Record. The ALJ also concluded that there was no medical need for Plaintiff to use a walker because no prescription for one had ever been provided by Plaintiff's treating doctors and the need for one was not consistent with other evidence in the Record. (R. at

31.) The ALJ also discounted limitations Dr. Krc attributed to Plaintiff's psychological impairments because those impairments were not supported in the Record. (R. at 31.)

In arguing that these determinations constitute reversable error, Plaintiff asks the Court to reweigh the facts and arrive at a different conclusion. As stated earlier, however, the Court's role is not to weigh the facts or even to determine if the ALJ's findings are findings the Court agrees with; the Court's role is limited to evaluating whether the ALJ's findings are supported by substantial evidence in the Record as a whole. The ALJ adopted many portions of Dr. Krc's opinion, explained why the portions she did not adopt were rejected, and those explanations are supported by substantial evidence in the Record as a whole. Plaintiff interprets the facts differently than did the ALJ, but this is not a basis for reversal.

### C. Dr. England

Dr. England testified at the supplemental hearing based in his review of Plaintiff's medical records; he did not examine Plaintiff or prepare a report himself. Dr. England offered some opinions about Plaintiff's capabilities, (R. at 113), many of which were incorporated in the RFC. However, in response to the ALJ's question about Plaintiff's ability to understand and carry out instructions, Dr. England answered: "I would say complex or detailed could certainly be affected. But I'm not sure simple would be." (R. at 113.) Plaintiff contends that the RFC finding conflicts with Dr. England's testimony because the RFC would permit Plaintiff to perform "simple tasks with detailed, uninvolved instructions consistent with unskilled work." (R. at 23.) But the RFC does not allow Plaintiff to perform all "detailed" instructions; it allows only "detailed" instructions that relate to "simple tasks" and that are "uninvolved" and "consistent with unskilled work." Dr. England also did not testify that Plaintiff could never perform "detailed" instructions; he said her ability would be "affected." Finally, the ALJ noted Dr. England's several indications that

5

Case 4:21-cv-00253-BP   Document 17   Filed 02/09/22   Page 5 of 6

Plaintiff's limitations were sporadic and did not appear to extend for a continuous twelve-month period (primarily due to treatment with medication). (R. at 32; *see also* R. at 104, 107-08, 113.) The ALJ's factual finding is supported by substantial evidence and the Court discerns no reason to remand the case.[2]

### III. CONCLUSION

For the reasons stated above, the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

**DATE**: February 9, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiff also argues that Dr. England "testified Plaintiff met or equaled a Listed impairment since she has been seeing Dr. Moore." (Doc. 12, p. 49; Doc. 16, p. 9 (both citing R. at 116).) However, neither Plaintiff's argument nor the portion of Dr. England's testimony referenced by Plaintiff identifies the Listing, and Plaintiff does not explain how she satisfied a Listing. Therefore, the argument has not been presented for the Court's consideration. Nonetheless, the Court notes that elsewhere in his testimony Dr. England discussed several Listings and said that some might be implicated but that the Record did not support them. (*E.g.*, R. at 104-05 (Listing 12.06); R. at 105-06, 111 (Listing 12.07); R. at 106-09 (Listing 12.08); R. at 111-12 (Listing 12.15).) The ALJ also asked Dr. England if Plaintiff's "impairments or in combination meet or equal a listing" and he responded: "I'd say episodically but not a continuous basis," (R. at 112), which the ALJ interpreted as a negative response and Dr. England did not disagree. (R. at 113.)